### Voyles, Assignee, *v.* Parker.

(*Circuit Court, D. Indiana.　——, 1880.*)

1. BANKRUPTCY — JUDGMENT — LIEN — ADMINISTRATOR'S BOND — ILLINOIS STATUTES. — Under the statutes of Illinois an assignment in bankruptcy does not defeat the lien of a judgment recovered against the bankrupt upon an administrator's bond, where the suit upon the bond was instituted prior to the filing of the petition in bankruptcy, although the judgment was not obtained until after such petition had been filed.

*In re Joslyn*, 2 Biss., explained.

——, for plaintiff.

——, for defendant.

DRUMMOND, C. J.　The facts which give rise to the controversy in this case may be very briefly stated.　Thomas J. Rod-

man, bankrupt, as the administrator of an estate, had given a bond under the law of this state for the faithful performance of his duties as such administrator. On the twenty-seventh day of April, 1876, a suit was brought in the state court upon the bond. Under the law of this state such a bond is given to the state, and the suit was instituted in its name. A judgment was recovered in the suit, which seems to have been for the benefit of the defendant in this case, Andrew J. Parker. Rodman, who executed the bond, became a bankrupt by a petition filed on the sixth of June, 1876, and an assignment was made under the bankrupt law of his property to the assignee, which, of course, related back to the time the petition in bankruptcy was filed. Judgment was not recovered in the suit on the bond against the bankrupt until after the petition in bankruptcy was filed, and the question in the case is whether the assignee is entitled to the property, or the parties interested in the bond of the administrator. It is claimed on the part of the assignee that the assignment cut off by relation, on the 6th of June, when the petition was filed, and before judgment on the administration bond was rendered, the lien which the judgment gave on the property of the bankrupt. The law of this state declares that in suits instituted by the state upon bonds given to the state, that the liens upon judgments shall relate back to the time of the institution of the suit; and the judgment which was rendered in the state court declared that in conformity with the law the lien should relate back to the twenty-seventh of April, 1876, when the suit was commenced. If the lien operated from that time upon the property, of course it cut off any claims which the assignee might have, because a petition in bankruptcy was not filed until after a suit on the bond was commenced. That is the controversy between the parties.

I think that I must hold, under the law, that the priority of right is on the part of the creditors under the administrator's bond, and not on the part of the assignee. The bankrupt law was not intended to destroy any liens created by the state law. It is true that it was quite within the bounds of possibility that, although the suit was commenced

on the 27th of April, no judgment might have been entered upon the bond, or might not be entered finally for an indefinite time; still, under the law of this state, when the suit was commenced on such instrument, an inchoate lien had taken effect on all the property of the bankrupt within the jurisdiction of the court, and whenever judgment was finally entered it operated by relation to the time when the suit was commenced. The liens of judgments depend very much, in fact, I may say exclusively, in a case at law, upon the particular legislation of each state. In some of the states we know that a lien of a judgment operates from the first day of the term when the judgment is rendered. In some states it operates from the last day of the term when the judgment is rendered. In other states it operates from the time the judgment is rendered, irrespective of the first and last days of the term. In this case there is an express statute upon the subject, and, as I understand, the supreme court of this state has held that administrator's bonds are within the terms of this law, and that a lien upon such a judgment relates back to the time the suit was commenced. Then there was an inchoate lien on the 27th day of April, on the property of the bankrupt, which became consummated by relation when the judgment was rendered, and it cut off, therefore, any claim which the assignee might have on the bankrupt's property which related back to a time subsequent to that of the commencement of the suit. It is insisted with a great deal of force, on the part of counsel, that it has been decided in *In re Joslyn*, 2 Biss. 235, that the lien of a landlord, which he acquires by virtue of a distress warrant, is similar to that acquired by this judgment creditor, and that the same principle which operates upon a lien of attachment and destroys it, also operates upon the lien of the judgment. That case was decided under the peculiar legislation of Illinois in relation to proceedings by landlords to enforce their rights against tenants. It required that when a distress warrant should issue and seize the property, that there should be a suit, or an inquiry by the court, as to the amount due; and what was found due was in the nature of a judgment, on which execution could issue against

the property. This court held that within the spirit of the bankrupt law that must be considered subject to the same rules and regulations and principles as cases of attachment against the bankrupt's property, and that it should, just as in that case, dissolve and put an end to the attachment or lien of the landlord: *provided,* between the day of the issue, and the levy on the distress warrant, and the time of the judgment and execution issued under the orders of the court, the petition in bankruptcy was filed. I still adhere to the view which I took in that case, as to the effect of the peculiar legislation of Illinois in relation to the enforcement of the rights of landlords against their tenants; and, as was stated in that case, I think it was not strictly within the letter of the bankrupt law, but within its general scope and spirit. In this case it can hardly be said that the same principle applies. Here is an express provision of law, which declares that the judgment on an administrator's bond shall be a lien from the very day of the commencement of the suit. It was undoubtedly competent for the state to enact such a law, and the bankrupt law, as I think, preserved the lien which the law of the state thus created, and it is the duty of the federal court to sustain it.

Without going at greater length into the considerations which operate upon the mind of the court, I shall affirm the judgment of the district court.